IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA           *
                                    *
v.                                  *      CR 115-063
                                    *
CHRISTOPHER JODALE CUNNINGHAM       *

O R D E R

Defendant Christopher Jodale Cunningham moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the Court will not grant relief.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Application Note 1 of the existing policy statement, U.S.S.G. § 1B1.13, lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under §

3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1]

Defendant's motion only implicates the first category. In this regard, Defendant contends that he has contracted COVID-19 and therefore, he has "a serious medical illness which may result in death." (Doc. No. 167, at 4.) The Sentencing Commission, however, has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Defendant has not argued, let alone established, that his medical condition has been so affected by COVID-19 that he satisfies the criteria. In fact, Defendant's inmate medical records submitted by the Government show that he tested positive for COVID-19 on August 14, 2020 after a daily screen noted an elevated temperature. (Gov't Opp'n, Doc. No. 169, Ex. A, at 31.) He was quarantined for ten days, during which time he was afebrile and asymptomatic, and released from quarantine on August 24, 2020. (Id. at 1-28.) Defendant's

---

[1] The Application Note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

2

successful bout with COVID-19 also demonstrates that the Bureau of Prisons can and did appropriately and adequately treat him. In short, Defendant has failed to show that he suffers from a serious medical condition as defined by the Sentencing Commission.

Importantly, even if the Court determined that Defendant is eligible for compassionate release, the Court retains discretion over whether to grant that relief. Prior to ordering compassionate release, the Court must consider whether Defendant is a danger to the community, see U.S.S.G. § 1B1.13(2), and the sentencing factors of 18 U.S.C. § 3553(a), see 18 U.S.C. § 3582(c)(1)(A). In this case, these factors weigh heavily against his release. Defendant's offense in this case is armed bank robbery, at which he was armed with a black semi-automatic handgun. Egregiously, Defendant was on supervised release for armed bank robbery in this district at the time of the offense. He also has a previous conviction for burglary. Thus, the Court cannot conclude that he is not a danger to the community. Further, if Defendant was released now, having served just over half of his sentence, the sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.[2] Upon

---

[2] Notably, Defendant received a substantial benefit pursuant to his plea agreement, in which the Government agreed to dismiss the charge of carrying and brandishing a firearm during an armed bank robbery. See 18 U.S.C. § 924(c)(1)(A)(ii) (requiring a mandatory consecutive term of not less than 7 years).

3

the foregoing, the Court would not exercise its discretion to release Defendant even if he qualified for release under the compassionate release provision.

Defendant Christopher Jodale Cunningham's motion for compassionate release (doc. no. 167) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE